UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRY B. BERROCAL,<br><br>        Plaintiff,<br><br>    -against-<br><br>STEPHANIE BOYD, Texas District Judge; JOEL PEREZ, Texas District Judge; JAVIER SALAZAR, Sheriff Jail Officer,<br><br>        Defendants. | 24-CV-7172 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated in the Bexar County Jail in San Antonio, Texas, brings this *pro se* action under the Court's federal question jurisdiction, alleging that Defendants violated his constitutional rights in San Antonio, Texas. Named as Defendants are two judges and a sheriff's officer in Texas. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Western District of Texas.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that that Defendants violated his rights in San Antonio, Texas. He does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred in San Antonio Texas. Because Defendants are employed in San Antonio, Texas and the alleged events occurred in San Antonio, Texas, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in San Antonio, in Bexar County, Texas, which is in the Western District of Texas. *See* 28 U.S.C. § 124(d)(4). Accordingly, venue lies in the Western District of Texas, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of Texas, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Texas. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 24, 2024
       New York, New York

                                   /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                             Chief United States District Judge